UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
ALLINA HEALTH SERVICES,        )
et al.,                        )
              Plaintiffs,      )
                               )
     v.                        )     Civil Action No. 14-1415 (GK)
                               )
SYLVIA M. BURWELL, Secretary   )
United States Department of    )
Health and Human Services,     )
                               )
              Defendant.       )
                               )
```

### MEMORANDUM OPINION

Plaintiffs Allina Health Services, et al. ("Plaintiffs"), bring this action against Sylvia M. Burwell, in her official capacity as Secretary of the United States Department of Health and Human Services ("Secretary" or "Defendant"), challenging the calculation of certain disproportionate share hospital ("DSH") payments as procedurally and substantively invalid.

This matter is before the Court on the Defendant's Motion to Dismiss for Lack of Jurisdiction or in the Alternative for Voluntary Remand [Dkt. No. 15]. Upon consideration of the Motion, Opposition [Dkt. No. 16], Reply [Dkt. No. 18], the entire record herein, and for the reasons set forth below, the Motion shall be **denied**.

## I.    Background

### A.    Factual Overview[1]

In <u>Allina Health Services v. Sebelius</u>, a group of hospitals, including the Plaintiffs in the present case, challenged a 2004 rulemaking by the Secretary ("2004 Final Rule") pertaining to calculations for Disproportionate Share Hospital ("DSH") payment determinations under Medicare. <u>See</u> No. 10-cv-1463 (D.D.C.). In November 2012, the Court (Collyer, J.) granted summary judgment for the plaintiffs, finding that the 2004 Final Rule violated the procedural requirements of the Administrative Procedure Act ("APA") and vacating the rule. <u>See</u> <u>Allina Health Servs. v. Sebelius</u>, 904 F. Supp. 2d 75 (D.D.C. 2012) ("<u>Allina I</u>").

On appeal, our Court of Appeals affirmed the part of the <u>Allina I</u> Court's decision vacating the 2004 Final Rule. But, the Court of Appeals held that the <u>Allina I</u> Court erred when it directed the Secretary to calculate the DSH payments in a particular manner, rather than simply remanding. <u>See</u> <u>Allina Health Servs. v. Sebelius</u>, 746 F.3d 1102, 1111 (D.C. Cir. 2014).

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. <u>Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.</u>, 525 F.3d 8, 15 (D.C. Cir. 2008); <u>Shear v. Nat'l Rifle Ass'n of Am.</u>, 606 F.2d 1251, 1253 (D.C. Cir. 1979). Therefore, the facts set forth herein are taken from Plaintiffs' Complaint [Dkt. No. 1].

Plaintiffs allege that after the D.C. Circuit's opinion, the Secretary published calculations for federal fiscal year 2012 DSH payments ("2012 DSH Calculations")[2] based on the 2004 Final Rule that had been vacated. Plaintiffs also allege that the new 2012 DSH Calculations are procedurally invalid. Compl. ¶¶ 47-49. Plaintiffs timely appealed to the Provider Reimbursement Review Board ("PRRB") challenging the 2012 DSH Calculations, see Compl. ¶¶ 36-39, and requested that the PRRB grant expedited judicial review. Id. ¶ 41.

The PRRB is an independent administrative tribunal that resolves disputes regarding hospital reimbursement determinations by Medicare contractors or the Centers for Medicare & Medicaid Services ("CMS"). See 42 U.S.C. § 1395oo(a). The PRRB may resolve certain payment disputes without following low-level policy guidance, see 42 C.F.R. § 405.1867; however, it is bound by agency regulation and rulings, id., and cannot decide "question[s] of law or regulations." 42 U.S.C. § 1395oo(f)(1). Section 1395oo(f) gives providers "the right to obtain judicial review of any action . . . which involves a question of law or regulations . . . whenever the [PRRB] determines . . . that it is without the authority to decide the question." Id.

---

[2] Although the calculations are for the 2012 fiscal year, they were published on June 30, 2014, after the Court of Appeals vacated the 2004 Final Rule. Compl. ¶ 36.

By letter dated August 13, 2014, the PRRB granted Plaintiffs'
request for expedited judicial review, finding that "it is without
the authority to decide the legal question of whether the
regulation regarding the [2012 DSH Calculations] is valid and
whether the Secretary's actions subsequent to the decision in
Allina [I] are legal." Letter from the Provider Reimbursement
Review Board to Stephanie Webster 6 (Aug. 13, 2014) [Dkt. No. 14-
1] ("PRRB Decision").

### B.    Procedural Background

On August 19, 2014, Plaintiffs filed their Complaint,
pursuant to the PRRB's grant of expedited judicial review [Dkt.
No. 1]. Plaintiffs filed a Notice of Related Case on the same day
[Dkt. No. 2]. Judge Collyer granted Defendant's objection to the
related case designation on May 18, 2015, and the case was randomly
reassigned to this Court. Minute Order dated May 18, 2015; Case
Assignment [Dkt. No. 20].

On October 27, 2014, Defendant filed her Motion to Dismiss
for Lack of Jurisdiction or in the Alternative for Voluntary Remand
[Dkt. No. 15] ("Motion"). Plaintiffs filed their Opposition on
November 10, 2014 [Dkt. No. 16] ("Opp'n"), and Defendant filed her
Reply on November 20, 2015 [Dkt. No. 18] ("Reply").

## II.   Standard of Review Under Fed. R. Civ. P. 12(b)(1)

As courts of limited jurisdiction, federal courts possess
only those powers specifically granted to them by Congress or

directly by the U.S. Constitution. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The plaintiff bears the burden of establishing by a preponderance of the evidence that the Court has subject matter jurisdiction to hear the case. See Shuler v. United States, 531 F.3d 930, 932 (D.C. Cir. 2008). In deciding whether to grant a motion to dismiss for lack of jurisdiction under Rule 12(b)(1), the court must "accept all of the factual allegations in [the] complaint as true[.]" Jerome Stevens Pharmaceuticals, Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253-54 (D.C. Cir. 2005) (internal quotation marks omitted) (citing United States v. Gaubert, 499 U.S. 315, 327 (1991)). The Court may also consider matters outside the pleadings, and may rest its decision on its own resolution of disputed facts. See Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

## III. Analysis

The Defendant has moved to dismiss this case on the ground that the PRRB improvidently granted expedited judicial review. Defendant alleges the PRRB reached the conclusion that it was "without authority to decide" Plaintiffs' challenge to the 2012 DSH Calculations because it erroneously believed "it was 'bound' to apply the vacated 2004 Final Rule." Motion at 5. Dismissal, Defendant argues, will permit the PRRB to reconsider Plaintiffs' challenge. Id. at 1-2.

5

In the alternative, Defendant requests that the Court "grant a voluntary remand to the agency, which will allow the PRRB to adjudicate [P]laintiffs' claims without consideration of the vacated [2004 Final Rule]." Id. at 2.

Plaintiffs oppose Defendant's Motion, arguing that the PRRB's expedited judicial review determination is final and not subject to review. See Opp'n at 6-11. Plaintiffs also contend that, if subject to review, the PRRB's determination was correct, and that voluntary remand is improper. The Court will address each argument in turn.

### A.   The Court Has Authority to Review the PRRB Expedited Judicial Review Determination

Plaintiffs argue that judicial review of the PRRB's lack of authority determination is improper. Opp'n at 7-8. Section 139500(f) itself makes plain that judicial review is available. Section 139500(f)(1) states that providers "shall have the right to obtain judicial review of any final decision of the [PRRB]." 42 U.S.C. § 139500(f)(1) (emphasis added). In the same paragraph, the statute designates the PRRB's determination of its authority to decide the question of law or regulations "a final decision": "[T]he determination shall be considered a final decision and not subject to review by the Secretary." Id. Consequently, the statute is clear that the PRRB's authority determination is a final decision and therefore subject to judicial review. Id.

The Seventh Circuit reached the same conclusion in Edgewater Hosp., Inc. v. Bowen, stating that "[Section 1395oo(f)] itself establishes a right to judicial review of the [PRRB's] determination that it lacks the authority to decide a question of law or regulations." 857 F.3d 1123, 1130 (7th Cir. 1989); accord Providence Yakima Medical Center v. Sebelius, 611 F.3d 1181, 1187-88 (9th Cir. 2010) (appellate court held PRRB's lack of authority determination was incorrect and remanded to District Court with instructions to remand to PRRB).

The only case Plaintiffs cite in support of their argument is Lion Health Servs., Inc. v. Sebelius, a case from the Northern District of Texas that is not binding on this Court. See Opp'n at 7 (citing 689 F. Supp. 2d 849 (N.D. Tex. 2010), rev'd in part on other grounds, 635 F.3d 693 (5th Cir. 2011)). The Lion Health court addressed the issue of judicial review only in passing, stating in a footnote that its subject matter jurisdiction was premised on 42 U.S.C. § 1395oo(f)(1) and that it "s[aw] no reason why it should review the PRRB's determination of its own authority at th[at] time." Lion Health, 689 F. Supp. 2d at 856 n.6.

Lion Health lends little support to Plaintiffs' argument. The Lion Health court did not engage in any in-depth analysis of the issue, nor did it definitively hold that judicial review was unavailable.

Plaintiffs next argue that the Secretary is statutorily barred from interfering with the PRRB Decision. See Opp'n at 6-7; 42 U.S.C. § 1395oo(f)(1) ("the [expedited judicial review] determination shall be considered a final decision and not subject to review by the Secretary"). Plaintiffs are correct that the Secretary may not directly overturn the PRRB's determination, but that is not what the Secretary is attempting to do here--rather, the Secretary is asking the Court to review the PRRB's lack of authority determination.[3]

For all the foregoing reasons, the Court concludes that it has the authority to review the PRRB's determination that it is without the authority to decide the legal questions at hand.

## B.   The PRRB Correctly Determined that It Lacks the Necessary Authority

The Secretary argues that the PRRB erroneously determined that it is without authority to decide Plaintiffs' case because the PRRB believed it was "bound" to apply the vacated 2004 Final Rule. Motion at 5. The crux of the Secretary's argument is, because the 2004 Final Rule was vacated, it no longer existed and therefore the PRRB "could not have been 'bound by' that nonexistent rule."

---

[3] Plaintiffs also argue that the Court "cannot look behind the [PRRB's] determination of its own authority to grant relief." Opp'n at 10 (citing Affinity Healthcare Servs., Inc. v. Sebelius, 746 F. Supp. 2d 106, 115 (D.D.C. 2010)). Affinity Healthcare is not instructive here, as that case involved the CMS Administrator's reversal of the PRRB's authority determination, not judicial review of the determination.

Id. at 6. The Secretary also argues that the PRRB was under "the
misimpression that the Secretary had a policy of applying the
regulation notwithstanding" the vacatur. Id.

Plaintiffs argue that, despite her contentions in this case,
the Secretary's usual position is that vacatur does not
automatically eliminate the binding nature of a rule, and that a
vacated rule remains binding until the Secretary affirmatively
acquiesces. See Opp'n at 14-15. Therefore, Plaintiffs contend that
the PRRB correctly determined it was bound by the vacated 2004
Final Rule.

The Court need not determine at this time whether a vacated
rule immediately becomes nonbinding or if it remains binding until
the Secretary affirmatively acquiesces to it, because Plaintiffs
allege that the Secretary did in fact apply the vacated 2004 Final
Rule in the 2012 DSH Calculations, so as to "constitute unlawful
nonacquiecence [sic] of binding D.C. Circuit law." PRRB Decision
at 5; Opp'n at 12. Even if the 2004 Final Rule became non-binding
upon vacatur, Plaintiffs allege that the Secretary unlawfully
continued to apply it. Therefore, the legality of the 2012 DSH
Calculations is a legal question that the PRRB correctly determined
it does not have the authority to decide.

Although the Secretary's Motion and Reply both ignore it,
Plaintiffs brought a second allegation before the PRRB: if the
2012 DSH Calculations do not involve an application of the vacated

9

2004 Final Rule, then the 2012 DSH Calculations are a procedurally invalid adoption of a new rule. Specifically, Plaintiffs allege that the 2012 DSH Calculations violate the notice and comment requirements of the Medicare Act and the APA. Opp'n at 14.

Plaintiffs correctly contend that the PRRB lacked the authority to decide this second issue, and Defendant has offered no argument in opposition. Opp'n at 12-13

For the foregoing reasons, the Court finds that the PRRB properly determined that it was without the authority to decide the legal questions brought by Plaintiffs. Because the PRRB's grant of expedited judicial review was proper, Defendant's Motion to Dismiss is **denied**.

C.   **Voluntary Remand Is Improper**

The Secretary argues that regardless of whether the PRRB Decision was proper, the case should be voluntarily remanded to the PRRB. The Secretary's sole rationale is that the PRRB erroneously concluded that it was bound to apply the 2004 Final Rule, and therefore the agency should be given the opportunity to cure its own mistake. See Motion at 7.

The Court finds that remand is not appropriate in this instance. The Secretary's voluntary remand argument is identical to its prior argument that the PRRB Decision was erroneous, which the Court has already rejected. See supra, Section III.B. To be clear, the Secretary is not conceding that the vacated 2004 Final

10

Rule was mistakenly applied in the 2012 DSH Calculations, nor is she seeking to cure any alleged errors in the 2012 DSH Calculations--the only mistake identified by the Secretary is PRRB's grant of expedited judicial review. However, the Court has already concluded that expedited judicial review was appropriate.

In addition, any error by the PRRB in its expedited judicial review determination is not the Secretary's to cure. While the Secretary requests that this Court "allow the [PRRB] to cure its own mistake," Mot. at 7 (citing Edward W. Sparrow Hosp. Ass'n v. Sebelius, 796 F. Supp. 2d 104, 207 (D.D.C. 2011)), the PRRB itself does not allege that it made any mistake at all. And Section 1395oo(f)(1) states that the PRRB's expedited judicial review determination is "not subject to review by the Secretary." 42 U.S.C. § 1395oo(f)(1). Granting voluntary remand in this instance, by reason of the Secretary's determination that the PRRB's decision was a mistake, would circumvent the statute.

Finally, the Secretary's voluntary remand argument fails to address one of the bases for the PRRB's decision. The Secretary does not argue that the PRRB erred in determining that it does not have the authority to decide whether the 2012 DSH Calculations violate procedural requirements. As there was no error on this question, voluntary remand would be inappropriate.

For the foregoing reasons, the Secretary's request for voluntary remand is **denied**.

11

## IV.   Conclusion

Upon consideration of the Motion, Opposition, Reply, the entire record herein, and for the foregoing reasons, it is hereby

**ORDERED**, that Defendant's Motion to Dismiss for Lack of Jurisdiction or in the Alternative for Voluntary Remand is **denied**; and it is further

**ORDERED**, that an Initial Scheduling Conference shall be held on this matter on **November 3, 2015, at 10:30 a.m.**


October 29, 2015                      Gladys Kessler
                                      United States District Judge



**Copies to:** attorneys on record via ECF