UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLINA HEALTH SERVICES, *et al.*,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>ALEX M. AZAR II, Secretary  )<br>of Health and Human Services,  )<br>)<br>Defendant.  )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | Case No. 14-cv-1415 (TJK) |

## JOINT STATUS REPORT

On October 4, 2018, this Court issued an order staying this case pending review in the Supreme Court and instructed the parties to submit a status report within seven days of the Supreme Court's decision. The Supreme Court issued its decision affirming the D.C. Circuit's decision in this case on June 3, 2019, and the parties thus respectfully provide this status report.

### Plaintiffs' Position

1.  For the reasons set forth below, Plaintiffs request that the Court lift the stay in this case and require Defendant to show cause why the Court should not enter judgment in this case and remand the matter to the agency for further action consistent with Supreme Court's decision and the Court of Appeals' existing mandate.

2.  On July 25, 2017, the Court of Appeals issued a decision in favor of the plaintiff hospitals in this case, *Allina Health Services v. Price*, 863 F.3d 937 (D.C. Cir.) ("*Allina II*") and remanded the case back to this court for further proceedings. In its decision, the Court of Appeals found that the Secretary was required to undertake notice-and-comment rulemaking before readopting his 2004 policy of including part C days in the calculation of the Medicare part A/SSI

fraction and excluding part C days from the numerator of the Medicaid fraction used to calculate the Medicare disproportionate share hospital payment. *Id.* at 942-45.

3. The Court of Appeals rested its decision on two independent grounds. First, the Court of Appeals found that the Secretary had violated 42 U.S.C. § 1395hh(a)(2) because the attempted readoption of the part C days policy constituted a "(1) 'rule, requirement, or other statement of policy' that (2) 'establishes or changes' (3) a substantive legal standard' that (4) governs 'payment for services.'" *Id.* at 943. The Court of Appeals ruled in the alternative that the Secretary had violated 42 U.S.C. § 1395hh(a)(4), which precludes a provision from "becom[ing] legally operative until it has gone through notice-and-comment rulemaking" if that provision "is not a logical outgrowth of a previously published notice of proposed rulemaking." *Id.* at 945.[1] The Court of Appeals also held the Secretary "could not circumvent this requirement by claiming that [he] was acting by way of adjudication rather than rulemaking." *Id*.

4. After denying the Secretary's petition for rehearing and rehearing *en banc*, the Court of Appeals issued its mandate on December 14, 2017.

5. On March 12, 2018, this Court stayed this case pending the government's decision on whether to file a petition for certiorari.

6. On April 27, 2018, the government filed a petition for certiorari to the Supreme Court. *See Azar v. Allina Health Services* (No. 17-1484). After the Supreme Court granted the petition for certiorari, this Court issued an order on October 4, 2018 extending the stay in this case

---

[1] The Secretary had initially attempted to adopt that policy in 2004. The Secretary's initial attempt was vacated in *Allina Health Services v. Sebelius*, 904 F. Supp. 2d 75, 81 (D.D.C. 2012) on the ground that the Secretary's final 2004 rule was not a logical outgrowth of the proposed rule. The Court of Appeals affirmed this court's *vacatur* of the 2004 rule in *Allina Health Services v. Sebelius*, 746 F.3d 1102 (D.C. Cir. 2014) ("*Allina I*").

and directing the parties to submit a status report within seven days of the Supreme Court's decision.

7. On June 3, 2019, the Supreme Court issued its opinion, *Azar v. Allina Health Services*, No. 17-1484, 2019 WL 2331304 (U.S. June 3, 2019). In a 7-to-1 decision, the Supreme Court affirmed the Court of Appeals' judgment. The Supreme Court held that the Secretary's attempted readoption of the 2004 part C days policy was at least a statement of policy that changed or established a substantive legal standard governing payment for services, thus requiring notice and comment rulemaking under section 1395hh(a)(2) of the Medicare statute. *Id.* at *4-9.

8. The Court of Appeals' mandate was not stayed and remains binding. In addition, the Supreme Court's decision did not disturb the Court of Appeals' ruling that the readopted 2004 policy is invalid under 42 U.S.C. § 1395hh(a)(4) because Defendant failed to engage in notice-and-comment rulemaking. *Azar v. Allina Health Services*, 2019 WL 2331304 at*16. That judgment of the Court of Appeals is still binding irrespective of whether the Secretary ultimately seeks rehearing from the Supreme Court with respect to that Court's decision under section 1395hh(a)(2) (which is not expected, in any event).

9. The Plaintiff hospitals contend that they are now entitled to entry of final judgment in their favor. Plaintiffs request that the Court not continue the stay of proceedings in this case and, to the extent that the government does not consent to judgment, request that the Court set the following schedule for the government to show cause why judgment should not be entered:

1. June 28—Defendant's Memorandum Showing Cause Why Judgment Should Not Be Entered for Plaintiffs

2. July 12—Plaintiffs' Response

3. July 19—Defendant's Reply

A proposed order is attached.

**<u>Defendant's Position</u>**

10.     In light of the fact that the Supreme Court will not issue a certified judgment to the Court of Appeals until the 25-day rehearing time passes, *see* S. Ct. R. 44.1, 45.3, the Secretary submits that it would be inappropriate for the Court to take action before that time.  Once the certified judgment has issued and the case returns to this Court from the Court of Appeals, the Secretary agrees that judgment should be entered for the Plaintiffs and the case should be remanded to the Department for further proceedings consistent with the decisions of the Supreme Court and the Court of Appeals.

A proposed order is attached.

Dated:  June 10, 2019

| | |
|---|---|
| | Respectfully submitted, |
| By: /s/ Stephanie Ann Webster | JOSEPH H. HUNT<br>Assistant Attorney General |
| STEPHANIE ANN WEBSTER<br>DC Bar No. 479524<br>JAMES H. RICHARDS<br>DC Bar No. 469524<br>AKIN GUMP STRAUSS HAUER & FELD L.L.P.<br>2001 K Street, N.W.<br>Washington, D.C.  20006<br>(202) 887-4049 (phone)<br>(202) 887-4288 (fax)<br>E-mail: swebster@akingump.com<br><br>*Counsel for Plaintiffs* | MICHELLE R. BENNETT<br>Assistant Director, Federal Programs Branch<br><br>By: */s/ Serena M. Orloff*<br>SERENA M. ORLOFF<br>California Bar No. 260888<br>Trial Attorney, U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW, Room 12512<br>Washington, D.C. 20005<br>202-305-0167 (phone)<br>202-616-8470 (fax)<br>E-mail: Serena.M.Orloff@usdoj.gov<br><br>*Counsel for Defendant* |