UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLINA HEALTH SERVICES, *et al.*,<br>     Plaintiffs,<br><br>     v.<br><br>ALEX M. AZAR II, Secretary<br>of Health and Human Services,<br><br>     Defendant. | )<br>)<br>)   Case No. 14-cv-1415 (TJK)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S RESPONSE AND PARTIAL OPPOSITION
TO PLAINTIFFS' MOTION FOR JUDGMENT**

Defendant Alex M. Azar II, Secretary of Health and Human Services (the "Secretary") respectfully submits this response and partial opposition to Plaintiffs' Motion for Judgment, ECF No. 51 ("Pls.' Mot.").

The Secretary agrees that, now that the Supreme Court has issued its certified judgment, this Court should enter judgment in Plaintiffs' favor, set aside the fractions at issue, and remand the case to the Secretary for further proceedings consistent with the decisions of the Supreme Court and the Court of Appeals, as Plaintiffs initially agreed would achieve the proper disposition of this case. *See* Joint Status Report dated June 10, 2019, ECF No. 50, at ¶ 1; *see also* Plaintiffs' Proposed Order, ECF No. 50-1 (proposing that the Court should "enter judgment and remand this case to the federal agency for further action consistent with the Supreme Court's decision"). In their latest filing, however, Plaintiffs ask for far broader and more intrusive relief than that which they initially requested. They seek, not only the entry of judgment and *vacatur* of the fractions at issue, but also an order directing the Secretary *how* to calculate their disproportionate share hospital ("DSH") payments for the time periods at issue, an order requiring the Secretary to "promptly [ ] pay" those

1

sums plus interest, and a requirement that the parties "submit status reports every 30 days pending the completion of proceedings on remand." Pls.' Mot. at 2. Plaintiffs are not entitled to such relief.

First, Plaintiffs are not entitled to an order directing the Secretary how to calculate their DSH adjustments for the fiscal year at issue. As they concede, in an earlier case involving the same parties and DSH calculations for a different fiscal year, the D.C. Circuit expressly held that the district court had "erred by directing the Secretary how to calculate the hospitals' [DSH] reimbursements, rather than just remanding after identifying the error." *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1111 (D.C. Cir. 2014) ("*Allina I*") (citation omitted); *see also* Compl. ¶ 25, ECF No. 1 (noting same). The D.C. Circuit explained that "[o]nly in rare cases, when the reviewing court is convinced that remand would serve no purpose, does the court direct the agency how to resolve a problem." *Allina I*, 746 F.3d at 1111 n.6 (citations omitted); *see also, e.g.*, *Palisades Gen. Hosp. Inc. v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005) (holding that "[t]he district court had no jurisdiction to order specific relief" because "'under settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the correct legal standards.'" (citation omitted))

Plaintiffs have not shown that this is such a "rare" case where "remand would serve no purpose." *Allina I*, 746 F.3d at 1111 n.6. Far from it: the clear import of the Supreme Court's holding is that the Secretary may not calculate the fractions *in any way* absent additional notice-and-comment rulemaking. Plaintiffs ask this Court to direct the agency to calculate their payments in accordance with what they describe as its pre-2004 "policy and practice." Pls.' Mot. at 2. But the Supreme Court just held that the Secretary's treatment of Medicare Part C days in the DSH fractions must be adopted through notice-and-comment rulemaking because the fractions reflect

the Secretary's "current . . . adjudicatory approach' to a critical question involved in calculating payments for thousands of hospitals nationwide." *Azar v. Allina Health Servs.*, 139 S. Ct. 1804, 1810 (2019) ("*Azar*"). The D.C. Circuit reached a similar conclusion. *See Allina Health Servs. v. Price*, 863 F.3d 937, 943 (2017) ("*Allina II*") (holding that the Secretary's treatment of Part C days "establishes a 'substantive legal standard'" governing "payment for services" and is therefore subject to the rulemaking requirements of 42 U.S.C. § 1395hh(a)). Yet, as Plaintiffs do not dispute, after the 2004 Rule was vacated in *Allina I*, "for the fiscal years before 2014," the Secretary "ha[d] no promulgated rule governing" whether Medicare beneficiaries enrolled in Part C are "entitled to benefits under part A" for purposes of calculating the DSH fractions. *Allina II*, 863 F.3d at 939. It is thus immaterial whether, as Plaintiffs contend, the Secretary had a "prior practice" of calculating those fractions in a certain way, Pls.' Mot. at 5-6; no such practice could lawfully "take effect unless it [was] promulgated by the Secretary by regulation." 42 U.S.C. § 13955hh(a)(1)-(2). Thus, were the Secretary simply to adopt Plaintiffs' preferred methodology on remand, he would commit the same legal error on which Plaintiffs prevailed in this case: that he has calculated the fractions at issue without first conducting notice-and-comment rulemaking under 42 U.S.C. § 1395hh(a). Since DSH adjustments are required by statute, 42 U.S.C. § 1395ww(d)(5)(F)(i)(l), and rulemaking is required by section 1395hh(a), the Secretary is considering whether retroactive rulemaking "is necessary to comply with [these] statutory requirements." 42 U.S.C. § 1395hh(e)(1)(A). Thus, Plaintiffs certainly cannot show that remand "would serve no purpose," *Allina I*, 746 F.3d at 1104, and this Court "ha[s] jurisdiction only to vacate the Secretary's decision . . . and to remand for further action consistent with" the decisions of the Supreme Court and the Court of Appeals. *Palisades Gen. Hosp. Inc.*, 426 F.3d at 403.

Because the Secretary must "deal with the problem afresh" on remand, *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 201 (1947), and the outcome of those proceedings is not yet known or before the Court, Plaintiffs also are not entitled to an order directing the Secretary to "promptly . . . pay Plaintiffs" additional DSH payments "plus interest." Pls.' Mot. at 2. If Plaintiffs ultimately are entitled to collect additional payments as a result of this litigation after further proceedings on remand, they may claim litigation interest at that time.

Finally, the Secretary opposes Plaintiffs' request that the Court retain jurisdiction over this case and require the parties to submit monthly status reports of the proceedings on remand, which Plaintiffs suggest is proper "given the extraordinary and lengthy history of this litigation." Pls.' Mot. at 2. Plaintiffs have not shown that there is anything "extraordinary" or "lengthy" about this case. In April 2014, the D.C. Circuit held that, even though the Secretary's 2004 rule had been vacated, the Secretary might properly adopt the same approach through adjudication. *Allina I*, 746 F.3d at 1111. Approximately two months later, the Secretary took a first step toward that approach by publishing the Medicare/SSI fractions to be used in the DSH calculations for fiscal year 2012. Compl. ¶ 36. Two months after that, Plaintiffs filed this lawsuit challenging those fractions. And the matter was finally resolved by the Supreme Court in June 2019, less than five years from the start of this litigation to its finish. Plaintiffs fail to show that there is anything unusual or extraordinary about that litigation timeline or the series of events to which it pertains.[1] Moreover,

---

[1] If anything, it is unusual for a hospital to seek judicial review of one component of a Medicare reimbursement before receiving a final payment determination, as Plaintiffs did in this case. Moreover, because of the district court's initial disposition in *Allina I*, Plaintiffs received favorable treatment that other hospitals did not receive. Their DSH fractions for certain fiscal years were calculated in accordance with their favored approach. *See* Compl. ¶ 21. After the issuance of the D.C. Circuit's mandate in *Allina II*, at Plaintiffs' request, the Secretary suspended further payment notices and revisions for the Plaintiffs for fiscal years ending prior to October 1, 2013, which preserved the status quo for those hospitals pending the outcome of this litigation. *See* ECF No. 45 ¶ 4.

even if those circumstances were extraordinary, Plaintiffs provide no authority for their contention that they would permit the Court, consistent with its limited power under Article III and the deference owed to the Executive Branch, to require ongoing status reports after the sole controversy presented in the Complaint has been fully adjudicated.

For the foregoing reasons, the Secretary respectfully requests that the Court enter judgment for the Plaintiffs and remand the matter to the Secretary as the parties initially requested in their joint filing of June 10, 2019, ECF No. 50 ¶¶ 1, 10.  A proposed order is attached.

July 24, 2019                                                        Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MICHELLE R. BENNETT
Assistant Director, Federal Programs Branch

By: /s/ *Serena M. Orloff*
SERENA M. ORLOFF
California Bar No. 260888
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 12512
Washington, D.C. 20530
202-305-0167 (phone)
202-616-8470 (fax)
E-mail: Serena.M.Orloff@usdoj.gov

*Counsel for Defendant*