UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLINA HEALTH SERVICES *et al.*,<br><br>    *Plaintiffs*,<br>  v.<br><br>ALEX M. AZAR II, Secretary of Health and Human Services<br><br>    *Defendant*. | Civil Action No. 14-1415 (TJK) |

## ORDER

This case is before the Court on remand from the Supreme Court following its decision in *Azar v. Allina Health Services*, 139 S. Ct. 1804 (2019), which affirmed the D.C. Circuit's decision to reverse this Court's judgment for Defendant in *Allina Health Services v. Azar*, 863 F.3d 937 (2017). Plaintiffs have moved for entry of judgment in their favor, and Defendant has opposed their motion in part. *See* ECF No. 51; ECF No. 52. The parties agree that the Court should enter judgment for Plaintiffs and remand the case to the Department of Health and Human Services. But Plaintiffs also request that the Court instruct the Department to recalculate the reimbursement payments in dispute according to a specific method and require the parties to file status reports with the Court until those payments are made. *See* ECF No. 51-1. Because the normal remedy in administrative law cases is to permit the agency to "deal with the problem afresh," *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 201 (1947), the Court declines to so instruct the Department.

"Under settled principles of administrative law, when a court reviewing agency action determines that an agency made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the corrected legal standards." *PPG*

*Industries, Inc. v. U.S.*, 52 F.3d 363, 365 (D.C. Cir. 1995) (collecting cases).  Indeed, in a related case involving some of these same parties, the D.C. Circuit vacated a district court order that provided the Department with instructions similar to those that Plaintiffs request here.  *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1111 (D.C. Cir. 2014).  Only in "rare cases," the Circuit concluded, "when the reviewing court is convinced that remand would serve no purpose, does the court direct the agency how to resolve a problem."  *Id.* n.6.  Upon consideration of the parties' arguments on this issue, the Court concludes that this is not the "rare case" that requires its intervention in an agency's proceedings following remand.

Accordingly, it is hereby **ORDERED** that Plaintiffs' Motion for Judgment, ECF No. 51, is **GRANTED IN PART** and **DENIED IN PART**.  Judgment is entered in favor of Plaintiffs.  It is **FURTHER ORDERED** that the Department's publication of the "Medicare/SSI" fractions to be used in calculating Plaintiffs' disproportionate share hospital payment adjustments under the Medicare Act, 42 U.S.C. § 1395ww(d)(5)(F)(vi)(1), for fiscal year 2012 is **VACATED** and that this case is **REMANDED** to the Department for further proceedings consistent with the law established by this case.

The Clerk of Court is directed to close the case.

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: September 4, 2019